# Jane Little v. Philip H. Gray and Arthur H. Miller

[409 A.2d 574]

No. 240-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed November 5, 1979

*Brian J. Grearson* and *Robert S. Burke* of *Richard E. Davis Associates, Inc.,* Barre, for Plaintiff.

*James C. Gallagher* of *Downs, Rachlin & Martin,* St. Johnsbury, for Defendants.

**Larrow, J.** This is an action seeking determination of a common boundary line between premises of the parties located near Long Pond in the town of Greensboro. Plaintiff was found to have record title to the area in question, largely from a reconstruction of original lot lines, and this finding is not appealed. The disputed area lies between the original lot line so determined and a fence presently on the premises. No question is raised about the exact area in dispute, and extensive description would serve no useful purpose. The trial court found title to this area, as distinguished from record title, to be in the defendants because of long acquiescence by the parties and their predecessors in the line marked by the fence. This fence, found to be the true division line, was established by mutual consent in 1928. Plaintiff, in

her appeal, claims that the evidence does not support this finding. We disagree, and affirm.

Findings, of course, must stand if there is credible evidence to support them, and are not to be set aside unless clearly erroneous. V.R.C.P. 52; *Ryan* v. *Stearns*, 135 Vt. 385, 387, 376 A.2d 728, 730 (1977). This is our principal inquiry, because the parties seem to have little dispute with the applicable substantive law. Perhaps our leading case is *Amey* v. *Hall*, 123 Vt. 62, 181 A.2d 69 (1962), wherein the rule as laid down in prior cases cited and referred to is stated:

> To acquire title to the limits of a boundary that has been established by acquiescence there must be a mutual recognition of the particular line by the adjoining owners coupled with continuous possession by one or both parties for the length of time required for adverse possession.

*Id.* at 66, 181 A.2d at 72. That case also holds that continuous possession does not require the occupant to be present on the site at all times, and that the nature and condition of the premises, and the uses to which it is adapted, determine the kind and frequency of the acts necessary to constitute continuing possession. *Id.* at 67, 181 A.2d at 73; accord, *Aldrich* v. *Griffith*, 66 Vt. 390, 402, 29 A. 376, 379 (1893).

The land here in question is mostly wooded with some pasture, bordering on Long Pond. It has also been described as "wooded and swampy." There are no houses or buildings on it or near it, although part of it has been used as a campground.

Supporting the conclusion that the fence line was established by consent, and acquiesced in from 1928, was an original survey book with the notation that this line was "satisfactory," to the parties' predecessors in title, when laid out in 1928. Additionally, a son of one of plaintiff's predecessors testified that he was present when the agreement as to the line was made. There was also testimony that the predecessors in title, and their tenants, observed the fence line as a boundary for pasturing and logging purposes. Fence maintenance was consistent with this contention, and no other fence or boundary was ever laid out. Plaintiff produced

no evidence that she or her predecessors ever made any use whatsoever of the disputed premises.

The acts in question covered a period greatly in excess of the fifteen year statute of limitations. They were not, it is true, continuous, and they were separated by long periods of time. But they were consistent with the nature and condition of the premises and its uses, meeting the requirements of the rule which we have outlined above. Plaintiff disputes some of the acts, but advances no inconsistent acts by either herself or her predecessors. We concur with the trial court that the evidence was highly persuasive, particularly the original survey record. The owners in 1928 surveyed a line, agreed upon it, erected a fence upon it, and have acquiesced in it ever since, by fence maintenance and acts of occupancy consistent with the nature of the property. No cause appears to upset the findings or conclusions of the trial court.

*Judgment affirmed.*